**Martin E. Hansen, OSB #800526**
meh@francishansen.com
**Michael H. McGean, OSB #004734**
mike@francishansen.com
FRANCIS HANSEN & MARTIN LLP
1148 NW Hill Street
Bend, OR 97703
(541) 389-5010
(541) 382-7068 (fax)
Attorneys for Plaintiff Shannon Meek

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| SHANNON MEEK, as personal representative of the Estate of Jon Meek<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH MICHAEL WARD; CAMERON LEE MOLT; LOUIS P. MOLT; LOUIE'S CATTLE SERVICE LLC, an Oregon Limited Liability Company; CVS, Inc., an Oregon Corporation; Silvies Valley Ranch LLC, an Oregon Limited Liability Company;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Negligence--Wrongful Death)**<br><br><u>**Jury Trial Requested**</u><br><br>**(Amount Demanded Exceeds $75,000)** |

**<u>INTRODUCTION</u>**

1.

Plaintiff brings this claim under ORS 30.020 for wrongful death and additional causes of action based on Oregon state law arising out of the same set of operative facts. Plaintiff alleges that defendants wrongfully caused the death of Jon C. Meek on August 2, 2020 as the result of a motor vehicle collision between the motorcycle that Meek was driving and the tractor-baler that defendant Ward was driving on U.S. Route

395C in Harney County.  Plaintiff seeks an award of damages due to the wrongful death of Jon C. Meek based on the allegations in this complaint.

**JURISDICTION**

2.

The Court has jurisdiction under 28 U.S.C. §1332(a)(1), §1332(c)(1) and §1367.

**VENUE AND PARTIES**

3.

The cause of action arose in the County of Harney, State of Oregon, and venue is therefore appropriate in the District of Oregon, Pendleton Division, under 28 U.S.C. §1391(a)(2) and Local Rule 3.2.

4.

Plaintiff Shannon Meek is the surviving spouse of Jon C. Meek and is the duly appointed personal representative of the Estate of Jon C. Meek.  Plaintiff has the authority to bring this action for her benefit and for the benefit of the surviving children of Jon C. Meek in accordance with Oregon's wrongful death statute, Oregon Revised Statutes 30.020.

5.

At all material times defendants Elijah Michael Ward, Cameron Lee Molt and Louis P. Molt were and are residents of Harney County, Oregon.  At all material times defendant Louie's Cattle Service LLC was and is an Oregon Limited Liability Company owned by defendant Louis Molt with its principal place of business in the state of Oregon.  At all material times defendant CVS Inc. was and is an Oregon Corporation with its principal place of business in the State of Oregon. At all material times Silvies

Valley Ranch LLC was and is an Oregon Limited Liability Company doing business and with its principal place of business in the State of Oregon.

## STATEMENT OF FACTS

6.

On the morning of August 2, 2020, Meek was operating a 2014 Harley-Davidson motorcycle wearing a helmet on US Route 395C in Harney County, Oregon.  Meek was 63 years of age and was an experienced motorcyclist.  The motorcycle was in good operable condition, the roadway was dry and in good repair, and the weather conditions were clear, sunny, and warm.

7.

Defendants CVS and Silvies Valley Ranch engaged defendants Louie's Cattle Service LLC and/ or defendant Louis Molt for the purposes of baling hay and doing farming work on the property of defendants CVS and Silvies Valley Ranch.  Defendants CVS and Silvies Valley Ranch knew or should have known that defendant Ward was working for defendants Louie's Cattle Service LLC and/ or Louis Molt under the direct supervision of defendant Cameron Molt, that Cameron Molt entrusted Ward with job responsibilities including the transport of heavy farm equipment, and that Ward was 15 years of age and not qualified or competent to safely operate that farm equipment. Defendants knew or should have known that defendant Ward could not be safely entrusted to transport heavy farm equipment upon public roads from one property owned by defendants CVS and Silvies Valley Ranch to another.

8.

At or about 9:30 a.m., with the knowledge and consent of defendant Molt, defendant Ward got into the driver's seat of a 2015 Massey Ferguson 8727 tractor that

was attached to and hauling a 2015 Massey Ferguson 2270 series hay baler, with a combined weight of at least 43,000 pounds.  The tractor and baler were owned by defendants Louie's Cattle Service and/ or Louis P. Molt.  Ward and Cameron Molt were using the tractor and baler to perform agricultural work on a field owned by defendants CVS and Silvies Valle Ranch several miles south of the collision location.  Ward and Molt were moving the tractor and hay baler from one field to another field several miles north owned by defendants CVS and Silvies Valley Ranch.

9.

As the sole driver of the farm equipment, Ward proceeded northbound on US Route 395C driving the tractor and towing the hay baler with the rear bale roller chute extended, while defendant Molt stayed behind and closed the gate of the property and did not immediately follow defendant Ward.

10.

At some point prior to the collision, Meek caught up to Ward from the rear on the roadway while both were travelling northbound on a straight section of road with a broken yellow line to allow for passing.  At approximately mile marker 42.5 on Route 395C, Meek crossed over the dashed center line to lawfully pass Ward on the left of the tractor and hay baler.  After Meek had begun to pass Ward, Ward suddenly initiated a left turn into a private drive.  Ward failed to take notice of Meek passing him on the motorcycle in the lane to Ward's left and failed to give way to Meek and his motorcycle.

11.

Ward turned left into and struck Meek and his motorcycle, causing Meek to be thrown from his motorcycle onto the highway and then into a ditch along the side of the road.  Meek sustained injuries to his brain, lungs and liver and sustained fractures of his

ribs, pelvis, spine, and shoulders.  Meek was transported by ambulance to the nearest airfield and then flown to a hospital in Boise, Idaho.  Meek died from the injuries he sustained approximately three and a half hours after the collision.

## DAMAGES

12.

As the result of defendants' negligence as alleged herein, plaintiff has incurred and suffered damages of the following nature, in amounts to be proven at trial but which shall exceed $10,000,000:

a. damages to the Estate of Jon C. Meek, including lost prospective earnings in the amount of not less than $1,517,000;

b. noneconomic damages to fairly compensate Jon Meek for his pain and suffering sustained in the collision from the time of his injury until his death;

c. medical expenses including ambulance, airlift and hospital expenses rendered for Jon Meek;

d. burial and funeral expenses for Jon Meek;

e. damages to fairly compensate plaintiff as Jon Meek's surviving spouse in lost value of services provided by Jon Meek in the amount of $124,000, and for damages incurred for loss of affection, society and companionship due to his death in an amount to be proven at trial;

f. damages to fairly compensate the two adult children of Jon Meek for their loss of affection, society, companionship, and services due to his death in an amount to be proven at trial; and

g. punitive damages against all defendants in an amount determined at trial.

## FIRST CLAIM FOR RELIEF

**(Negligence *Per Se* Against Defendant Ward)**

13.

Defendant Ward violated various laws of the State of Oregon during the events alleged herein that led to and caused the death of Jon C. Meek, as follows:

a.  by failing to yield as a slower driver to an overtaking vehicle in violation of ORS 811.425;

b.  by making a dangerous left turn in violation of 811.350;

c.  by driving the tractor and baler with the rear roller chute extended on the public roadway in a manner that exceeded the length limitations of ORS 818.080 without a special trip permit, in violation of ORS 818.090;

d.  by towing heavy machinery on a public road without an Oregon driver's license, contrary to ORS 807.010;

e.  by driving heavy farm machinery on a public road for times and distances that constituted more than temporary operation as permitted by ORS 807.020(4) without a valid Oregon driver's license, contrary to ORS 807.010;

f.  by operating the tractor and baler in a careless manner in violation of ORS 811.135;

g.  by failing to properly signal his left turn continuously for the 100 feet prior to turning contrary to ORS 811.335;

h.  by making the left turn when that movement could not be made with reasonable safety contrary to ORS 811.335; and/ or

     i.    by driving the tractor and baler on the public roadway while exceeding the weight limits of ORS 818.010 without a special trip permit, in violation of ORS 818.020;

14.

Defendant Ward's violation(s) of these statutes constitutes negligence *per se* and caused the damages alleged in paragraph 12 herein.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Negligence Against Defendant Ward)**

15.

As the driver of the tractor and hay baler on a public road, defendant Ward at all times had the duty to act reasonably and to operate them safely and to otherwise avoid foreseeable risks of injury other persons also using the road.

16.

Defendant Ward breached his duties and was negligent in one or more of the following particulars:

    a.    by failing to yield for Jon Meek as Meek was passing Ward;

    b.    by failing to observe and maintain a proper lookout at all times for vehicles approaching from the rear while Ward was slowing and preparing to make his left turn into the northern field;

    c.    by failing to keep a proper lookout for vehicles passing from his left while Ward was slowing and preparing to make his left turn into the northern field;

    d.    by failing to immediately stop and take evasive action to avoid collision with Jon Meek;

e.   by turning at a place and from a position where his view of traffic passing or about to pass on the left was obstructed;

f.   by making an unsignalled left turn;

g.   by failing to keep the tractor and baler under proper control at all times;

h.   by transporting the tractor and baler on a public road without using a following escort vehicle; and/ or

i.   by failing to use ordinary care under the circumstances to avoid causing significant risk of harm to other drivers.

17.

As the direct and foreseeable result of defendant Ward's negligence, plaintiff suffered the damages alleged in paragraph 12 herein.

**THIRD CLAIM FOR RELIEF**

**(Vicarious Liability Against Defendant Louie's Cattle Service LLC and Louis P. Molt)**

18.

Plaintiff realleges paragraphs 13 through 17.

19.

At all relevant times defendant Ward was acting as the employee and/ or agent of defendants Louie's Cattle Service LLC and Louis P. Molt and was at all relevant times acting within the scope of that employment and/ or agency and under the control of defendants Louie's Cattle Service LLC and Louis P. Molt for their commercial benefit.

20.

Defendants Louie's Cattle Service LLC and Louis P. Molt are therefore responsible for the actions and the negligence, including the negligence *per se*, of

defendant Ward as alleged herein, and are liable for plaintiff's damages as alleged in paragraph 12 herein.

## FOURTH CLAIM FOR RELIEF

### (Negligence Against Cameron Molt)

21.

Plaintiff realleges paragraphs 13 through 17.

22.

Defendant Cameron Molt was at all relevant times in the period leading up to Jon C. Meek's injury and death acting in concert with defendant Ward in transporting the tractor and baler from one property owned by defendants CVS and Silvies Valley Ranch to its other property and directed Ward to drive the tractor and vehicle on the public road as part of that common action and plan.

23.

Defendant Cameron Molt knew or should have known that it was inherently dangerous to allow defendant Ward to operate the tractor and baler on the public road due to defendant Ward's youth, inexperience, and incompetence to operate heavy farm equipment on a road where he was likely to encounter other drivers, and that allowing Ward to drive posed a serious and foreseeable risk of severe harm to motorists or others using the road.

24.

Defendant Cameron Molt was negligent in allowing defendant Ward to operate the tractor and baler on the public road and in failing to escort Ward and the tractor and baler to the northern property owned by defendants CVS and Silvies Valley Ranch.

25.

Defendant Cameron Molt's negligence was the cause of the damages alleged herein at paragraph 12.

## **FIFTH CLAIM FOR RELIEF**

### **(Negligence Against Defendants Louie's Cattle Service LLC and Louis P. Molt)**

26.

Reallege paragraphs 13 through 17, 22 and 23.

27.

Defendant Louie's Cattle Service and Louis P. Molt had a duty to act reasonably in the hiring, instruction, supervision, and retention of all its employees and agents including defendants Ward and Cameron Molt.

28.

As part of those duties, defendants Louie's Cattle Service LLC and Louis P. Molt were required to make sure that any of its employees or agents were properly trained, qualified and competent to operate any of the farm equipment owned by defendants Louie's Cattle Service LLC and Louis P. Molt in the course and scope of that employment or agency.

29.

Defendants Louie's Cattle Service LLC and Louis P. Molt knew or should have known that the operation of its heavy farm equipment by untrained, unqualified, and incompetent persons posed a foreseeable risk of severe injury to others in the vicinity.

30.

Defendants Louie's Cattle Service LLC and Louis P. Molt breached their duties as alleged in paragraphs 27 and 28 by allowing defendant Ward to operate the tractor and

baler on a public road, and in allowing defendant Cameron Ward to negligently supervise defendant Ward.

31.

Defendants Louie's Cattle Service LLC's and Louis P. Molt's breach of their duties and negligence were the cause of plaintiff's damages alleged in paragraph 12 herein.

## SIXTH CLAIM FOR RELIEF

**(Negligent Entrustment--Against Defendants Louie's Cattle Service LLC and Louis P. Molt)**

32.

Plaintiff realleges paragraphs 13 through 17.

33.

Defendants Louie's Cattle Service LLC and Louis P. Molt entrusted their tractor and baler to defendant Ward.

34.

Defendants Louie's Cattle Service LLC's and Louis P. Molt's entrustment of the tractor and baler to Ward was unreasonable under the circumstances due to Ward's youth and inexperience and caused a foreseeable risk of serious injury to Jon C. Meek and other drivers on the highway.

35.

Defendants Louie's Cattle Service LLC's and Louis P. Molt's negligence was the cause of plaintiff's injuries as alleged in paragraph 12 herein.

## SEVENTH CLAIM FOR RELIEF

**(Negligence Against Defendants CVS Inc. and Silvies Valley Ranch LLC)**

36.

Plaintiff realleges paragraphs 13 through 17 and 19.

37.

Defendants CVS Inc. and Silvies Valley Ranch LLC engaged defendants Louie's Cattle Service LLC and Louis P. Molt to conduct farming operations using the tractor and baler on the two properties which are separated by several miles along U.S. Route 395 C.

38.

The operation of the tractor and baler and its transportation from one property of defendants CVS Inc. and Silvies Valley Ranch to another along the public highway constitutes activity and work that is inherently dangerous and presents a particular risk of harm to other motorists using the highway.  In addition, defendants CVS Inc. and Silvies Valley Ranch LLC knew or had reason to know that the tractor and baler were being operated by defendant Ward who was unqualified to safely operate that machinery, compounding that inherent risk in the work.

39.

Defendants CVS Inc. and Silvies Valley Ranch LLC failed to require Louie's cattle Service LLC and Louis P. Molt to take reasonable precautions to avoid the risk of harm to other motorists using the public road between their two properties that were the subject of the work involving the tractor and baler.

40.

Defendants CVS Inc. and Silvies Valley Ranch LLC are responsible for the acts and omissions of Louie's Cattle Service LLC and Louis P. Molt in the use and operation of the tractor and baler and in failing to take reasonable precautions to avoid the foreseeable risk of injury to others using the public road between the two properties.

41.

Defendants CVS Inc. and Silvies Valley Ranch LLC are therefore responsible for the negligence of Louie's Cattle Service LLC, Louis P. Molt and their employees and agents and are liable for plaintiff's damages as alleged in paragraph 12 herein.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants for damages including the following:

a. damages to the Estate of Jon C. Meek, including lost prospective earnings in the amount of not less than $1,517,000;

b. noneconomic damages to fairly compensate Jon Meek for his pain and suffering sustained in the collision from the time of his injury until his death;

c. medical expenses including ambulance, airlift and hospital expenses rendered for Jon Meek;

d. burial and funeral expenses for Jon Meek;

e. damages to fairly compensate plaintiff as Jon Meek's surviving spouse in lost value of services provided by Jon Meek in the amount of $124,000, and for damages incurred for loss of affection, society and companionship due to his death in an amount to be proven at trial;

f.    damages to fairly compensate the two adult children of Jon Meek for their

loss of affection, society, companionship, and services due to his death in an

amount to be proven at trial;

g.    punitive damages against all defendants in an amount determined at trial;

h.    costs and disbursements incurred in this action; and

i.    for such other relief the court deems equitable and just.


DATED this 9th day of February, 2021.

FRANCIS HANSEN & MARTIN LLP

 s/ Martin E. Hansen
**Martin E. Hansen, OSB #800526**
meh@francishansen.com
**Michael H. McGean, OSB #004734**
michael@francishansen.com